## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HERBERT GLENN HEAD,

   Plaintiff,

vs.              No. CV 16-00593 KG/SCY

THE NEW MEXICO STATE PRISON,
MEDICAL DEPARTMENT AND ANY
AND ALL PHYSICIANS OR DOCTORS,

   Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Declaration of Facts (Doc. 1) and the Prisoner's Civil Rights Complaint (Doc. 5) as supplemented by letter filings and declarations of fact (Doc. 8, 9,and 11) filed by Plaintiff, Herbert Glenn Head (collectively referred to as the "Complaint"). The Court determines that Head's allegations fail to state a claim for relief and will dismiss Head's claims.

Plaintiff Head is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d

1

363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be

given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Head's Complaint does not make any factual allegations of any act or omission by any individual nor does it contain allegations that conduct by any identified individual resulted in

deprivation of a constitutional right.  Generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, does not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Ashcroft v. Iqbal,* 556 U.S. at 676.  Head's generalized allegations against "the medical department and any and all doctors, or physicians" that he is not being given proper medical treatment do not identify any actual individual and are not sufficient to state a plausible claim. *See* Doc. 1 at 2, Doc. 5 at 1; *Twombly,* 550 U.S. at 570.

In his Complaint, Head alleges that "there is an ongoing conspiracy by all of the so stated persons so that inmate Head can be deprived of proper medical treatment and medication for pain." (Doc. 1 at 5).  Although he does not cite the Eighth Amendment, the Court liberally construes Head's statements as alleging a claim for deliberate indifference to serious medical needs.  The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). An Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component.  *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006).

With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to

whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. *Mata*, 427 F.3d at 753. The question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45, 114 S.Ct. 1970). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. *Howard*, 534 F.3d at 1239–40.

Consequently, accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,*

289 F.3d 1218, 1222 (10th Cir.2002).

Head claims that prison doctors are refusing to give him the pain medication he was receiving prior to his incarceration, Emprin 30 mg tablets (a low-dose aspirin). (Doc. 5 at 3, Doc. 8 at 1).  Instead, he contends he is being deprived of adequate medical treatment because the prison physicians are giving him Motrin 600 mg as a pain medication. (Doc. 1, Doc. 8 at 2).  At most, Head's allegations show a difference of opinion between the prison's medical staff and Head as to the treatment which he receives and do not support a constitutional claim of cruel and unusual punishment. *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222.

Head's letter and declaration of fact filings (Doc. 8, 9, 11) also allege he has been told that he will be sent to a higher level of custody if he pursues his request to be given the "right" pain medication.  Although Head does not use the term "retaliation" the Court will liberally construe Head's allegations as claims for retaliation.  To establish a retaliation claim Plaintiff Head must demonstrate: (1) he was engaged in constitutionally protected activity; (2) defendant's actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) defendant's adverse action was substantially motivated as a response to plaintiff's exercise of constitutionally protected conduct. *Allen v. Corrections Corp. of America,* 524 Fed.App'x 460, 463 (10th Cir.2013) (citing *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007)).

Head does not identify any individual who made such a statement or the date or which any such statement was made.  Further, Head only alleges he has been told—he does not state that any adverse action has been taken or is actually being taken. (Doc. 8 at 1). His allegations similarly fail to state a plausible retaliation claim.  *Shero,* 510 F.3d at 1203; *Twombly,* 550 U.S.

at 570.

        Head's allegations fail to state any legally sufficient claim for relief under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss Head's claims.  The Court will also grant Head leave to file an amended complaint consistent with this Memorandum Opinion within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v. Bellmon,* 935 F.2d at 1109. If Head fails to file an amended complaint within thirty days or files an amended complaint that similarly fails to state a factually and legally sufficient cause of action, the Court may dismiss this proceeding with prejudice and without further notice.

        **IT IS ORDERED** that the Declaration of Facts (Doc. 1) and the Prisoner's Civil Rights Complaint (Doc. 5) as supplemented by letter filings and declarations of fact (Doc. 8, 9, and 11) filed by Plaintiff Herbert Glenn Head are **DISMISSED** for failure to state a claim on which relief can be granted and Plaintiff is **GRANTED** thirty (30) days from entry of this Memorandum Opinion and Order to file an amended complaint.

                                       _____

                               UNITED STATES DISTRICT JUDGE