IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT GLENN HEAD,

      Plaintiff,

vs.                                                                                 No. CV 16-00593 KG/SCY

THE NEW MEXICO STATE PRISON,
MEDICAL DEPARTMENT AND ANY
AND ALL PHYSICIANS OR DOCTORS,
DOCTOR BIRDSONG,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Amended Complaint filed November 14, 2016, by Plaintiff, Herbert Glenn Head. (Doc. 15). The Court determines that the allegations of Plaintiff's Amended Complaint fail to state a claim for relief and will dismiss Plaintiff's claims.

### Factual and Procedural Background

Herbert Glenn Head (Plaintiff) filed this civil action as a "Writ of Mandamus" on June 15, 2016, alleging deprivation of his right to adequate medical care. (Doc. 1). Liberally construing his filing as raising civil rights claims under 42 U.S.C. § 1983, the Court ordered him to remedy defects in his original filing. (Doc. 3). Plaintiff filed his Prisoner's Civil Rights Complaint on June 27, 2016. (Doc. 5). The Court granted him leave to proceed without prepayment of fees and costs under 28 U.S.C. § 1915, on October 17, 2016. (Doc. 13).

On November 1, 2016, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's Prisoner's Civil Rights Complaint for failure to state a claim for relief. (Doc. 14).

1

The Court ruled that Plaintiff's allegations failed to state any legally sufficient Eighth Amendment claim for relief under either Fed. R. Civ. P. 12(b)(6), or 28 U.S.C. § 1915(e)(2)(B) and dismissed Plaintiff's claims without prejudice. (Doc. 14 at 6-7). The Court also granted Plaintiff the opportunity to amend his Complaint to try to state a viable claim for relief. (Doc. 14 at 7). Plaintiff filed his Amended Complaint on November 14, 2016. (Doc. 15).

In his June 27, 2016, Prisoner's Civil Rights Complaint, Plaintiff claimed that he was being deprived of adequate medical treatment because the prison physicians were giving him Motrin 600 mg as a pain medication instead of the pain medication he was receiving prior to his incarceration, Emprin 30 mg tablets (a low-dose aspirin). (Doc. 1, Doc. 8 at 2; Doc. 5 at 3, Doc. 8 at 1). In his Amended Complaint, Plaintiff now identifies Dr. Birdsong as the medical doctor "who is not providing me with the proper medical treatment or the proper pain medication." (Doc. 15 at 1). Plaintiff acknowledges that Dr. Birdsong is giving him "one Emprin 30 mg/w/codine) at 8:00 a.m. and one at 8:00 p.m." (Doc. 15 at 1), but now claims "that this is not the proper medical treatment for my curen [sic] medical condition." (Doc. 15 at 1-2). Plaintiff continues to argue that he is being deprived of any real medical care because he is not being given "the sound medical treatment and or medication that I was being given by all of my other doctors." (Doc. 15 at 2-3).

### **Plaintiff's Amended Complaint Fails to State a § 1983 Claim**

Plaintiff is proceeding pro se and *in forma pauperis*. The Court may dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). For purposes of Fed. R. Civ. P. 12(b)(6) analysis, the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp.*

2

*v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

The Court may also dismiss the complaint if the Court concludes the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The Court may pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); s*ee also Hall,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Instead, the Court may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id*.

The Court liberally construes the factual allegations in a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of the court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff, supply factual allegations to support the plaintiff's claims, or assume the role of advocate for the pro se litigant. *Hall,* 935 F.2d at 1110.

Plaintiff alleges deprivation of adequate medical care. His claim proceeds as a civil rights claim under 42 U.S.C. § 1983. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (stating section 1983 is means through which plaintiff may seek redress for deprivations of rights established in Constitution). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008); *see also Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).

The right of a prisoner to adequate medical care is protected under the prohibition against cruel and unusual punishments in the Eighth Amendment. U.S. Const. Amend. VIII. This prohibition, however, only encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective

4

component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006); *Kikumura v. Osagie,* 461 F.3d 1269, 1291 (10th Cir.2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's current symptoms render a medical need sufficiently serious, but it also extends to whether the potential risk of harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). Although Plaintiff does not clearly identify his claimed serious medical need in this case, the Court will treat his allegations of chronic pain as a serious medical need for purposes of the objective component of the Eighth Amendment analysis.

The subjective component requires that the named defendant have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. The plaintiff must establish that the defendant knew the plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). The question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). Prison officials violate the Eighth Amendment only when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical violation of rights under the

Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Nor does a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The record in this case fails to establish the second, subjective, component of an Eighth Amendment claim. Plaintiff makes generalized allegations that Defendants are not giving "any inmate any real medical treatment or any real medication." (Doc. 15 at 2). However, the essence of his allegations is that he wants to be given the same type of treatment and medication that another doctor purportedly gave to him previously, not the treatment and medication he currently is being given by Defendant Birdsong. (Doc. 15 at 1-2). His allegations do not demonstrate deliberate indifference on the part of Dr. Birdsong or any other defendant. Instead his allegations reflect only a disagreement between Plaintiff and his medical providers. *Smart*, 547 F.2d at 114. The allegations of the Complaint do not state a plausible Eighth Amendment claim against Defendant Birdsong or, as the Court previously determined, any other medical providers. (Doc. 14). The Court will dismiss Plaintiff's claims for failure to state a claim on which relief can be granted. *Twombly,* 550 U.S. at 570; *Thompson,* 289 F.3d at 1222; *Taylor*, 410 F. App'x at 79.

Plaintiff's allegations that he is not being given "the sound medical treatment and or medication that I was being given by all of my other doctors" (Doc. 15 at 2-3) could be construed as a state-law medical negligence claim. See, e.g., UJI 13–1102 NMRA; *Richter v.*

*Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 57, 326 P.3d 50, 64. To the extent Plaintiff alleges a medical negligence claim under New Mexico law, the Court will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), and will dismiss that claim without prejudice to filing of a state court action by Plaintiff. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

### **Plaintiff Has Accrued Three § 1915(g) Strikes and May No Longer Proceed *In Forma Pauperis***

When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-04 (2007).

Those reforms include the so-called "three-strike rule" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At the time Plaintiff was granted leave to proceed *in forma* pauperis in this case, he had not accrued three strikes under § 1915(g). However, Plaintiff now has had three strikes imposed

against him. *See Head v. Social Security Admin.,* No. CV 16-00844 WJ/SCY (Doc. 5); *Head v. New Mexico Dept. of Corrections,* No. CV 16-00509 MCA/GJF (Doc. 11); *Head v. Social Security Admin.,* No. CV 16-00531 JCH/LF (Doc. 12). The Court's ruling in this case constitutes a fourth strike against him under the PLRA § 1915(g). Plaintiff is notified that he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Amended Complaint filed by Plaintiff (Doc. 15), and all federal claims and causes of action under 42 U.S.C. § 1983, are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted;

(2) any state law claims are **DISMISSED** without prejudice to filing of a proceeding in state court by Plaintiff; and

(3) under the **THREE STRIKES** rule of 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE